UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET WARD, et al.,<br>　　Plaintiffs,<br>　v.<br>THE COUNTY OF MENDOCINO, et al.,<br>　　Defendants. | Case No. 17-cv-00911-PJH<br><br>**ORDER REGARDING SUMMARY JUDGMENT MOTIONS BY DEFENDANTS TROTTER, KINDRED, AND GOODMAN**<br><br>Re: Dkt. Nos. 86, 94 |

Dr. Marvin Trotter's motion for summary judgment came on for hearing before this court on September 19, 2018. Kathy Goodman's and Kindred Healthcare Operating, Inc.'s ("Kindred") motion for summary judgment also came on for hearing before this court on September 19, 2018. Plaintiffs appeared through their counsel, David Fiol. Defendant Trotter appeared through his counsel, Ian Scharg. Defendants Goodman and Kindred appeared through their counsel, Matthew Schroeder. Defendants Dr. Michael Medvin and California Forensic Medical Group Inc. appeared through their counsel, Jerome Varanini. Defendants County of Mendocino, Sheriff Thomas D. Allman, Lorrie Knapp, and Michael Grant appeared through their counsel, Brina Blanton. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This is a case brought by the survivors of Earl Ward ("Ward"), a 77-year-old man who was taken into custody by the Mendocino County Sheriff's Department following a call to the police by his wife, Margaret Ward. See Third Amended Complaint ("TAC"),

Dkt. 59 ¶ 1. The court has recounted the complaint's alleged facts in previous orders (Dkts. 39, 51, 77). The operative pleading alleges two causes of action relevant to Trotter's, Goodman's, and Kindred's pending motions to dismiss. The third cause of action alleges elder abuse in violation of Cal. Wel. & Inst. Code §§ 15600 et seq. against, as relevant here, Goodman.[1] The fourth cause of action alleges wrongful death based on medical negligence against, as relevant here, Trotter, Kindred, and Goodman (who was employed by Kindred at the time relevant to the allegations).

**DISCUSSION**

**A. Legal Standard**

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may carry its initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case[.]" Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105–06 (9th Cir. 2000); see also Celotex, 477 U.S. at 324–25 (moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case).

---

[1] The court has previously dismissed plaintiffs' elder abuse claim against Kindred. Dkt. 77.

2

1  When the moving party has carried its burden, the nonmoving party must respond
2  with specific facts, supported by admissible evidence, showing a genuine issue for trial.
3  Fed. R. Civ. P. 56. But allegedly disputed facts must be material—the existence of only
4  "*some* alleged factual dispute between the parties will not defeat an otherwise properly
5  supported motion for summary judgment." Anderson, 477 U.S. at 247–48.

6  When deciding a summary judgment motion, a court must view the evidence in the
7  light most favorable to the nonmoving party and draw all justifiable inferences in its favor.
8  Id. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011).

**B.  Trotter's Unopposed Motion for Summary Judgment for Wrongful Death**

Trotter moves for summary judgment of the only cause of action against him, wrongful death based on medical negligence. Dkt. 86. He supports his motion with a declaration of a retained expert, Dr. Steve Verbinski. Dkt. 86-2. Verbinski submitted an opinion that the quality of care and treatment provided to Ward by Graff, a nurse practitioner, was in keeping with the standard of care, and that Trotter provided appropriate supervision. Verbinski based his analysis on sufficient evidence in the record and has opined that all aspects of care provided to Ward under Trotter's supervision met the standard of care.

Plaintiffs filed a statement on non-opposition to Trotter's motion for summary judgment (Dkt. 92), and no other party opposed the motion.

Negligence requires "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).

The court finds that, in light of Trotter's evidence and the fact that his motion is unopposed by any party, summary judgment for Trotter is appropriate. The evidence affirmatively establishes that Trotter was not responsible for any deviations from the standard of care, and that Trotter did not breach his duty of care. Trotter's motion for summary judgment is GRANTED. No other causes of action remain as to Trotter.

**C.  Goodman's Unopposed Motion for Summary Judgment for Elder Abuse**

Elder abuse claims arise under the Elder Abuse Act found in sections 15600 et seq. of the Cal. Welf. & Inst. Code. The statute provides for recovery of costs and attorneys' fees where a plaintiff proves by clear and convincing evidence that (1) the defendant is a caretaker or custodian of an elder; (2) the defendant is liable for physical abuse, neglect, or financial abuse, and (3) the defendant is guilty of "recklessness, oppression, fraud, or malice" in the commission of the abuse. See Winn v. Pioneer Med. Grp., Inc., 63 Cal. 4th 148, 160–61 (2016); Worsham v. O'Connor Hosp., 226 Cal. App. 4th 331, 336 (2014); Cal. Welf. & Inst. Code §§ 15610.57, 15657.

Goodman moves for summary judgment on this count. She argues and provides competent evidence demonstrating that she was never a caretaker or custodian of Ward—a necessary element of plaintiffs' elder abuse claim. In support of her motion, Goodman offers a sworn declaration of Jodi Wittwer, a Kindred employee. Dkt. 105. Wittwer declared that Kindred offered nursing services for individuals who reside in their homes or other facilities, but that Kindred itself does not operate its own facilities. Id. ¶ 2. Wittwer also declared that Goodman provided medical care to Ward "while he resided at a small board and care facility called Magnolia Manor . . . . Magnolia Manor is not affiliated with . . . Kindred. Ms. Goodman was not responsible for providing custodial care of Mr. Ward's basic needs; such as nutrition, ambulation, or general hygiene. Her responsibility was limited to providing skilled nursing care for Mr. Ward's surgical wound, pursuant to the orders of his physician." Id. ¶ 5.

Goodman has carried her initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case[.]" Nissan Fire, 210 F.3d at 1106. Goodman's motion is unopposed, and no party has responded with either argument or evidence showing a genuine issue for trial. As such, Goodman's motion for summary judgment on the third cause of action, for elder abuse, is GRANTED.

**D.    Goodman and Kindred's Motion for Summary Judgment for Wrongful Death**

Goodman and Kindred jointly move for summary judgment on the TAC's fourth cause of action, for wrongful death based on medical negligence. Dkt. 94. In support of

4

their motion, they submit a declaration of a retained expert, Dr. Patrick Joseph. Dkt. 94-3. Joseph opines that no act or omission by Goodman was a cause-in-fact of Ward's MRSA infection, and that the MRSA infection resulted in Ward's death. Instead, Joseph opines that Ward's wound was already infected by the time Goodman began providing care. No party offers evidence to rebut or challenge Joseph's opinion.

Negligence requires "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." Ladd, 12 Cal. 4th at 917. Goodman and Kindred argue that Joseph's opinion negates a necessary element of plaintiffs' negligence claim—that Goodman's and Kindred's alleged breach of their legal duties caused Ward's injury—so summary judgment must be granted in their favor in the absence of admissible evidence showing a genuine factual dispute for trial. But non-moving parties must respond with admissible evidence only when the moving party has carried its burden. Here, Goodman and Kindred have failed to carry their burden of submitting admissible evidence negating an essential element of plaintiffs' wrongful death claim.

Accepting Joseph's unopposed opinion as true—including that Goodman did not cause Ward to contract MRSA initially—the undisputed facts leave open the possibility that Goodman's alleged failure to care for Ward's infected wound caused or contributed to his death. Goodman and Kindred's argument would require the court to find that, once Ward contracted MRSA, his death was inevitable and Goodman's actions could not have contributed to or prevented it. But even Goodman's and Kindred's expert recognizes that, were it known that Ward had MRSA, there would have been "a different course of treatment," presumably because different treatment during the time Ward was under Goodman's care could have delayed or prevented his death. Dkt. 94-3 ¶ 26.

In short, plaintiffs' claim for wrongful death does not hinge on that fact that a particular person caused the MRSA infection of Ward's wound. Rather, it is enough for plaintiffs' wrongful death claim to allege that a number of different people and entities had duties of care to Ward, they breached those duties, and each breach contributed to

5

Ward's death.  Kindred's and Goodman's motion does not negate any necessary element of that claim.

For the reasons stated above, Kindred's and Goodman's motion for summary judgment with respect to the TAC's fourth cause of action for wrongful death is DENIED.

## CONCLUSION

For the foregoing reasons, Trotter's unopposed motion for summary judgment is GRANTED.  Goodman's unopposed motion for summary judgment of the third cause of action, for elder abuse, is GRANTED.  Kindred's and Goodman's motion for summary judgment of the fourth cause of action, for wrongful death, is DENIED.

**IT IS SO ORDERED.**

Dated:  September 24, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge