UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARGARET WARD, et al.,
    Plaintiffs,

v.

THE COUNTY OF MENDOCINO, et al.,
    Defendants.

Case No. 17-cv-00911-PJH

**ORDER DENYING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT WITHOUT PREJUDICE AND VACATING HEARING**

Re: Dkt. No. 119

Before the court is defendants Kathy Louise Goodman and Kindred Healthcare Operating, Inc.'s ("Kindred") (together, the "Kindred Defendants") motion for a determination of good faith settlement. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for December 12, 2018 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This is a case brought by the survivors of Earl Ward ("Ward"), a 77-year-old man who was taken into custody by the Mendocino County Sheriff's Department following a call to the police by his wife, Margaret Ward. See Third Amended Complaint ("TAC"), Dkt. 59 ¶ 1. The court recounts the facts relevant to this motion as alleged by plaintiffs.

Ward was arrested on March 20, 2016, and held in custody at the Mendocino County Jail, where he fell in his cell on April 16, 2016, and suffered numerous injuries. Id. ¶¶ 1, 57. Following surgery, he was housed in a residential care facility, Magnolia

1  Manor. Id. ¶¶ 59–60. Goodman, acting within the scope of her employment with
2  Kindred, cared for Ward's surgical wounds during the time that he was a resident of
3  Magnolia Manor, which entailed daily wound dressing changes and notifying doctors if
4  Ward had any wound redness/bleeding and/or drainage from the surgical site. Id. ¶¶ 60–
5  61. Plaintiffs allege that from May 21, 2016 to May 26, 2016, Goodman observed that
6  Ward's wound was increasingly draining, his pain was increasing, and the wound site had
7  increased in diameter. Id. ¶¶ 62–64. Plaintiffs allege that Goodman did not inform
8  doctors of any of these events, even though the physician ordered he be notified of those
9  events, and Goodman instead used products to dress Ward's wounds that were not
10 ordered by the physician. Id. ¶¶ 61, 65.

11 On May 27, 2016, Ward was readmitted to Santa Rosa Memorial Hospital. Id.
12 ¶ 66. It was discovered that his surgical wound had been infected by MRSA, and he died
13 on May 30, 2016 with the causes of death listed as sepsis, MRSA, wound infection, and
14 spinal fusion procedure. Id. ¶¶ 66–68.

15 Plaintiffs Margaret Ward (in her personal capacity, and as the executor of Ward's
16 estate), Kevin Ward, and Ina Ward (surviving heirs of Jeff Ward, deceased) assert four
17 claims against numerous defendants: (1) § 1983 Fourteenth Amendment; (2) § 1983
18 Supervisor Liability; (3) elder abuse; and (4) wrongful death based on medical
19 negligence. See id.

20 Plaintiffs filed the now-operative TAC on February 1, 2018, adding the Kindred
21 Defendants and asserting causes of action for elder abuse and wrongful death against
22 them. Id. On March 7, 2018, Kindred moved the court to dismiss plaintiffs' third cause of
23 action for elder abuse against Kindred. Dkt. 66. On May 4, 2018, the court granted
24 Kindred's motion. Dkt. 77. Plaintiffs were granted leave to amend, but did not do so. On
25 August 15, 2018, Goodman and Kindred moved for partial summary judgment. The court
26 granted summary judgment with respect to plaintiffs' third claim—elder abuse—against
27 Goodman. The court denied summary judgment with respect to plaintiffs' fourth claim—
28 wrongful death—as to both Goodman and Kindred. Only plaintiffs' wrongful death claim

1 remains pending against Goodman and Kindred.

2 On October 2, 2018, the parties to this case attended a settlement conference with
3 Judge Beeler. Dkt. 116. At that settlement conference, plaintiffs reached a settlement
4 agreement with the Kindred Defendants. The Kindred Defendants agreed to pay
5 plaintiffs in exchange for release of the wrongful death claim and a dismissal with
6 prejudice of the action as to the Kindred Defendants. The Kindred Defendants now move
7 the court for a determination that their settlement with plaintiffs was made in good faith
8 under California Code of Civil Procedure § 877.6.

## DISCUSSION

**A.  Legal Standard**

Pursuant to California Code of Civil Procedure § 877.6, any defendant may file a motion for a determination that its settlement with a plaintiff is in "good faith." A federal court sitting in diversity jurisdiction has the power to make "good faith" settlement determinations under California Code of Civil Procedure §§ 877 & 877.6. Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011).

California Code of Civil Procedure §877.6 provides in relevant part:

> (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Civ. Proc. Code § 877.6.

Such a motion calls for the court to determine whether a settlement is made in good faith and is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488, 499 (1985). The court considers the following to make

3

the determination: a rough approximation of the plaintiff's probable total recovery and the settlor's proportionate liability; the amount paid in settlement; the allocation of the settlement proceeds among plaintiffs; the recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; the financial condition and insurance policy limits of the settling defendant; and the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants. Id. at 499.

"[A] nonsettling defendant who opposes a good faith settlement motion is entitled to see the settlement agreement. . . [A] nonsettling defendant has a right to review the agreement[.]" Mediplex of California, Inc. v. Superior Court, 34 Cal. App. 4th 748, 749 (1995). As such, where "a written [settlement] agreement does exist and the settlors want judicial confirmation that their settlement is in good faith, the settling parties must produce the agreement for the nonsettling party who opposes the motion." Id. at 754. Even when the settling parties claim that the settlement agreement is confidential, "a party may not both seek confirmation of a settlement agreement and withhold it from nonsettling defendants on grounds of confidentiality." Alcal Roofing & Insulation v. Superior Court, 8 Cal. App. 4th 1121, 1127 (1992); accord J. Allen Radford Co. v. Superior Court, 216 Cal. App. 3d 1418, 1423 (1989) ("while the parties are free to maintain the confidentiality of their . . . agreement, they may not claim a privilege of nondisclosure when they move to confirm the good faith of their settlement under section 877.6"). Nor may parties "withhold the written agreement as long as they have revealed the important terms. That may be true absent an objection to the settlement . . . but that is not the case on a contested motion." Mediplex, 34 Cal. App. 4th at 753.

**B.  Analysis**

Plaintiffs and the Kindred Defendants have entered into a written settlement agreement. E.g., Dkt. 119 at 7. In order to prevail on a motion for a determination of good faith settlement under California law, the Kindred Defendants must share the written agreement with co-defendants who oppose their motion. See Mediplex, 34 Cal. App. 4th at 749; Alcal Roofing, 8 Cal. App. 4th at 1127; J. Allen Radford Co., 216 Cal. App. 3d at

1423.  Providing what the settling parties believe are the "material terms" or orally relaying the terms of the agreement is insufficient.  Id.; cf. Dkt. 119 at 1, 8 & n.1.  Neither may the settling parties condition review of the written settlement on an agreement to maintain its confidentiality.  Id.; cf. Dkt. 119 at 7.  As the settling parties have not provided the objecting co-defendants with the written agreement, the motion must be denied.

Furthermore, the settling parties have not provided the agreement (or any of its material terms) to the court.  Without reviewing the agreement, it is impossible for the court to determine whether the settlement is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries."  Tech-Bilt, 38 Cal. 3d at 499.  The moving parties must file the written settlement agreement along with any motion to determine that a settlement was entered in good faith.  If they desire, the parties can move the court for permission to file the agreement under seal in accordance with the requirements of Civil Local Rule 79-5.

## CONCLUSION

For the foregoing reasons, the Kindred Defendants' motion for a determination of good faith settlement is DENIED WITHOUT PREJUDICE.  They may file another motion seeking the same relief, along with a copy of the settlement agreement, after the settling parties provide the opposing co-defendants with a copy of the written agreement.

**IT IS SO ORDERED.**

Dated:  December 6, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

5