United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET WARD, et al.,<br>Plaintiffs,<br>v.<br>THE COUNTY OF MENDOCINO, et al.,<br>Defendants. | Case No. 17-cv-00911-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br>Re: Dkt. No. 161 |

Plaintiffs Ina Ward, Kevin Ward, and Margaret Ward's motion for leave to file a fourth amended complaint came on for hearing before this court on September 11, 2019. Plaintiffs appeared through their counsel, T. Kennedy Helm, IV and David Fiol. Defendants the County of Mendocino (the "County"), Lorrie Knapp, Michael Grant, and Sheriff Thomas D. Allman (together the "County Defendants") appeared through their counsel, Denise Billups-Slone and Brina Blanton. Defendants California Forensic Medical Group, Inc. ("CFMG") and Dr. Michael Medvin appeared through their counsel, Jerome Varanini. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This is a case brought by the survivors of Earl Ward, a 77-year-old man who was taken into custody by the Mendocino County Sheriff's Department following a call to the police by his wife, Margaret Ward. See Third Amended Complaint ("TAC"), Dkt. 59 ¶ 1. He was arrested on March 20, 2016, and held in custody at the Mendocino County Jail,

where he fell in his cell on April 16, 2016, and suffered numerous injuries. Id. ¶¶ 1, 57. Following surgery, he was housed in a residential care facility, Magnolia Manor. Earl Ward died on May 30, 2016, following surgery for his injuries. Id. ¶¶ 1, 68.

Plaintiffs filed their original complaint on February 22, 2017, asserting four claims: (1) violation of 42 U.S.C. § 1983, based on the Fourteenth Amendment; (2) violation of 42 U.S.C. § 1983, based on Supervisor Liability; (3) elder abuse; and (4) wrongful death based on medical negligence. Dkt. 1. Plaintiffs subsequently filed three amended complaints, although the now-operative TAC contains the same four causes of action (albeit asserted against different defendants). See Dkts. 8, 40, 59.

Plaintiffs now move for leave to file a fourth amended complaint that would assert five causes of action: (1) Violation of 42 USC § 1983: Fourteenth Amendment—Individual Liability (against Knapp, Grant, Medvin, Teske, and Pearce); (2) Violation of 42 U.S.C. § 1983: Fourteenth Amendment—Monell Liability (against the County and CFMG); (3) Violation of 42 USC § 1983: Fourteenth Amendment—Supervisory Liability (against Allman); (4) Elder Abuse (against All Defendants); and (5) Violation of Cal. Civ. Code § 52.1—Bane Act (against All Defendants). See Proposed Fourth Amended Complaint, Dkt. 161-1. The County Defendants and CFMG Defendants oppose the motion.

**DISCUSSION**

**A. Legal Standard**

When a party seeks leave to amend the pleadings after the case management order's deadline to do so, that party must establish both: (1) "good cause" under Fed. R. Civ. P. 16(b)(4); and (2) entitlement to amend under Fed. R. Civ. P. 15. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

2

1  the amendment. The district court may modify the pretrial schedule 'if it cannot
2  reasonably be met despite the diligence of the party seeking the extension.'" <u>Johnson v.</u>
3  <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P.
4  16 advisory committee's notes (1983 amendment)); <u>see also</u> <u>Coleman</u>, 232 F.3d at 1294
5  (good cause standard "primarily considers the diligence of the party seeking the
6  amendment"). "[C]arelessness is not compatible with a finding of diligence and offers no
7  reason for a grant of relief. Although the existence or degree of prejudice to the party
8  opposing the modification might supply additional reasons to deny a motion, the focus of
9  the inquiry is upon the moving party's reasons for seeking modification. If that party was
10 not diligent, the inquiry should end." <u>Johnson</u>, 975 F.2d at 609 (citations omitted).

However, even where a court could properly deny amendment under Rule 16, it is not an abuse of the court's discretion to allow amendment "based on an overall evaluation of the rights of the parties, the ends of justice, and judicial economy." <u>United States v. Dang</u>, 488 F.3d 1135, 1143 (9th Cir. 2007) (internal quotation marks omitted). That is because "the district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order" are reviewed for abuse of that discretion. <u>Id.</u>

"If good cause is found, 'the Court may then consider whether leave to amend should be granted pursuant to Rule 15(a).'" <u>Heath v. Google Inc.</u>, Case No. 15-cv-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016) (quoting <u>Thomas v. San Francisco Travel Ass'n</u>, Case No. 14-cv-03043-YGR, 2016 WL 861239, at *2 (N.D. Cal. March 7, 2016)).

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); <u>see also, e.g.</u>, <u>Chodos v. West Pub. Co.</u>, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is

sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).

**B. Analysis**

Plaintiffs characterize the changes they seek to make in the fourth amended complaint as follows:

- Adding as a defendant Claire Teske, R.N.;
- Adding as a defendant Jail Commander Timothy Pearce;
- Clarifying that the Elder Abuse Claim is against all defendants, and that the Monell claim is against both CFMG and Mendocino County;
- Clarifying that the 42 U.S.C. § 1983 claims are brought as survival and wrongful-death claims;
- Updating the factual allegations to reflect the discovery conducted to date supporting plaintiffs' Monell theories of liability;
- Adding a survival claim against all Defendants under California Civil Code § 52.1 (the Bane Act) based on the same acts and omissions that provide liability for the 42 U.S.C. § 1983 claims; and
- Removing claims, allegations, and reference to defendants Dr. Marvin Trotter, Kathy Louise Goodman, R.N.; and Kindred Health Care Operating, Inc., who have either been dismissed or settled out of this case.

See Dkt. 161 at ECF p. 2. The above is a generally-useful (if not precisely accurately-characterized) list of changes plaintiffs seek to make with their proposed fourth amended complaint, and the court refers to it for organizational purposes.

**1. Addition of Teske and Pearce as Defendants**

The parties dispute whether the fourth amended complaint would name Teske and Pearce as new defendants in the action, or whether plaintiffs are substituting Teske and Pearce in for already-existing Doe defendants. Either way, defendants argue that Teske and Pearce cannot be added or substituted in.

**a. Whether Doe Defendants Exist in the Action to Permit**

4

**Substitution**

This court issued a Case Management and Pretrial Order on June 19, 2017. Dkt. 31. That order set the deadline to amend pleadings at "no later than 90 days after the ruling on the pending motion to dismiss." Id. at 1. That scheduling order further provided that "**Doe defendants must be identified** by this deadline or they will be dismissed." Id. The then-pending, referenced motion to dismiss was filed by Marvin Trotter, M.D, who has since been dismissed from the case. See Dkt. 22 (motion to dismiss). The ruling on Trotter's motion was issued on July 14, 2017. Dkt. 39. The deadline to amend the complaint—and identify Doe defendants—was 90 days later, on October 12, 2017. Plaintiffs did not identify any Doe defendants or seek an extension prior to that deadline.

However, on January 31, 2018, the parties entered a stipulation and proposed order allowing plaintiffs to file a third amended complaint. Dkt. 57. The court entered that stipulated order. Dkt. 58. The parties stipulated that "[p]laintiffs should be granted leave to amend to file their Third Amended Complaint in the form of the document attached" to the stipulation, and that "[t]he Case Management Order (Dkt. 31) can and should be amended to permit the filing of the Third Amended Complaint and the substitution of defendants KATHY LOUISE GOODMAN and KINDRED HEALTHCARE OPERATING, INC. as Doe Defendant 1 and Doe Defendant 2." See Dkts. 57–59. The attached third amended complaint named as defendants "DOES 3 THROUGH 50, INCLUSIVE[.]" Id. That stipulated order, by its own terms, amended the case management order to permit plaintiffs to *substitute in* named defendants for two of the fifty *existing* Does—not to add two new parties and reintroduce 48 Doe defendants.

Although perhaps unintentionally, defendants agreed to, and this court entered, an order amending the case management order and holding that Does were active defendants at the time of the filing of the third amended complaint—and that 48 Doe defendants would continue to be named in that complaint. The third amended complaint, with claims alleged against Doe defendants, is the operative complaint plaintiffs are

1 seeking to supersede.

### b. Whether Teske and Pearce Satisfy the Requirements for Substitution

Defendants argue that even if there are Doe defendants in the operative complaint, Teske and Pearce cannot be substituted in for them because plaintiffs were aware of their identities when filing the original complaint.

"California Code of Civil Procedure Section 474 applies to state law claims brought in federal court to determine the statute of limitations period for naming Doe Defendants." A.C. by & through Calhoun v. City of Santa Clara, Case No. 13-cv-3276-EMC, 2014 WL 1678004, at *3 (N.D. Cal. Apr. 28, 2014) (citing Lindley v. Gen. Elec. Co., 780 F.2d 797, 799–801 (9th Cir. 1986)). "Section 474 allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a 'Doe'), and to amend the pleading to state the defendant's true name when the plaintiff subsequently discovers it." McClatchy v. Coblentz, Patch, Duffy & Bass, LLP, 247 Cal. App. 4th 368, 371 (2016); Cal. Civ. Proc. Code § 474 ("[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly").

"If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." Woo v. Superior Court, 75 Cal. App. 4th 169, 176 (1999); Olden v. Hatchell, 154 Cal. App. 3d 1032, 1037 (1984) (same, as applied to the Tort Claims Act).

"The phrase 'ignorant of the name of a defendant' is broadly interpreted to mean not only ignorant of the defendant's identity, but also ignorant of the facts giving rise to a cause of action against that defendant. The relevant inquiry when the plaintiff seeks to substitute a real defendant for one sued fictitiously is what facts the plaintiff actually knew at the time the original complaint was filed." San Diego Navy Broadway Complex Coal. v.

California Coastal Comm'n, No. D072568, 2019 WL 4729439, at *8 (Cal. Ct. App. Sept. 27, 2019) (internal quotation marks and citations omitted); accord McClatchy, 247 Cal. App. 4th at 372 ("plaintiff does not relinquish his rights under section 474 simply because he has a suspicion of wrongdoing arising from one or more facts he does know"); Fehl v. Manhattan Ins. Grp., No. 11-CV-02688-LHK, 2012 WL 10047, at *5 (N.D. Cal. Jan. 2, 2012) ("A plaintiff is entitled to employ § 474 even if the Plaintiff has constructive or legal knowledge of the identity. Generally, merely having the means to discover knowledge is irrelevant.") (citation omitted); Balon v. Drost, 20 Cal. App. 4th 483, 488 (1993) ("section 474 imposes no duty of inquiry").

"[I]t is the Defendant's burden to establish when Plaintiff actually knew of the identity." Woods v. Asset Res., No. 106-CV-00398-SMS, 2006 WL 3782704, at *17 (E.D. Cal. Dec. 21, 2006); accord Breceda v. Gamsby, 267 Cal. App. 2d 167, 179 (1968) ("No evidence was produced to prove or from which any reasonable inference could be drawn that plaintiff was aware earlier of facts not pleaded and not disclosed. [Defendant] had the burden of proving such awareness if it existed."); see also Kubal v. Disc. Tire.com, No. 12-CV-1398-IEG BGS, 2012 WL 3648607, at *3 (S.D. Cal. Aug. 23, 2012).

As a result, "[t]he plaintiff has 'three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint.'" A.C. by & through Calhoun, 2014 WL 1678004, at *3 (quoting Lindley, 780 F.2d at 799) (citing Cal. Code Civ. Proc. § 583.210).

With respect to Pearce, there is no indication that plaintiffs knew even his name at the time of filing. But even if they did, the record does not support a finding that plaintiffs had knowledge at that time of the facts giving rise to the causes of action alleged against him in his personal capacity.[1] The County Defendants do not meaningfully argue otherwise. Instead, they seek to shift the burden to plaintiffs by arguing that "[p]laintiffs'

---

[1] County Defendants' separate argument that Pearce is redundant and should therefore be dismissed because he is named only in his official capacity fails because plaintiffs bring claims against Pearce in his personal capacity.

7

1  [sic] have made no claim that they did not know of the existence of Captain Pearce at the
2  time this lawsuit was filed. As such, they were required to file their claims against him at
3  the time of filing." Dkt. 162 at 8. But it is the County Defendants' burden—not
4  plaintiffs'—to demonstrate that plaintiffs' knowledge at the time of filing precludes
5  substitution pursuant to Section 474. See, e.g., Breceda, 267 Cal. App. 2d at 179.

With respect to Teske, CFMG argues that the prior complaints—including the original complaint filed on February 22, 2017—all contained specific allegations about a Doe "CFMG employee" that Margaret Ward spoke with during her husband's incarceration. CFMG argues that Margaret Ward testified at her December 21, 2017 deposition that she spoke only to a single individual multiple times during her husband's incarceration, and that individual's name was "Claire." See Dkt. 163-1 (excerpts from December 21, 2017 deposition of Margaret Ward).

CFMG makes much of the fact that Margaret Ward used the name "Claire" in her deposition taken ten months after the filing of her claim. It is true that the original complaint alleges that Margaret Ward "talked with an unidentified employee of defendant, CFMG," during her husband's incarceration. Dkt. 1 ¶ 26. Also, Margaret Ward's recollection of "Claire" during her deposition tends to suggest that she knew at the time of filing the original complaint that she spoke to someone named Claire repeatedly during her husband's incarceration.

But even if the court were to impute that knowledge to plaintiffs at the time of filing, plaintiffs still would have reasonably brought an action against "Claire" as a Doe defendant under Section 474 without knowing her last name. CFMG argues that plaintiffs knew that Claire's last name was Teske at the time of filing, but they offer nothing to support that argument. Even the excerpts from the December deposition they submitted refer to "Claire" repeatedly without ever using Teske's surname.[2] In short, CFMG has

---

[2] At the hearing, CFMG's counsel read from what appeared to be part of Margaret Ward's deposition transcript not submitted with the opposition papers, wherein the name "Teske" was used. First, the materials were not submitted to the court with the opposition, leaving the court unable to review them and plaintiffs unable to respond to them. Second, it is

8

1  shown at best that plaintiffs were on inquiry notice of Teske's identity and actions, but

2  that is not enough to prevent relation-back under Section 474.

3  Moreover, given the current case schedule, the court finds that Teske and Pearce will not suffer prejudice in asserting their defenses. Fact discovery is scheduled to end on January 17, 2020, and expert discovery ends on May 22, 2020. Dkt. 160.

### 2. Whether the Elder Abuse Claim Is Alleged Against All Defendants

For the reasons discussed at the hearing, and given the requirements of Rule 16, plaintiffs' amended complaint may not allege an elder abuse claim against Medvin. Otherwise, this proposed amendment is permitted.

### 3. Whether the Monell Claim Is Alleged Against Both CFMG and Mendocino County, Whether § 1983 Claims Are Brought as Survival and Wrongful-Death Claims, and Updating Factual Allegations

CFMG does not oppose these points. The County does. For the reasons stated at the hearing—and because the third amended complaint plausibly stated a Monell claim against the County in paragraph 85, and the changes concerning the § 1983 causes of action concern theories underlying the causes of action rather than the assertion of any new cause of action—the court will allow these clarifying amendments.

However, as addressed at the hearing, plaintiffs' updated factual allegations lack specificity with respect to which actors and entities are responsible for which alleged policies and practices. The amendment as proposed insufficiently alleges plaintiffs' Monell claims because, as stated, it does not put each defendant entity on notice for which acts, policies, and procedures plaintiffs allege underlie their claims for liability. Plaintiffs must rectify those deficiencies prior to filing their amended complaint.

---

unclear whether Margaret Ward or defense counsel volunteered the name Teske at the deposition. Third, although the December deposition transcript is suggestive of what plaintiffs knew at the time of filing, it occurred ten months later. Lack of knowledge at the time of filing—even negligent lack of knowledge that was later corrected—would permit substitution under Section 474. E.g., Balon, 20 Cal. App. 4th at 489 (substitution permitted even "though appellant may have acted negligently when she forgot respondent's name and never inquired about it" prior to filing).

### 4. Whether Plaintiffs May Add a Bane Act Claim

Plaintiffs seek leave to state a Bane Act claim for the first time in this action. By their own admission, they would base this claim on the same facts as their previously-alleged § 1983 claims. E.g., Mot., Dkt. 161, at 14 ("Plaintiffs' Bane Act claim is proved by the same facts that prove their § 1983 deliberate indifference claim."); Reply, Dkt. 165, at 5 ("Plaintiffs have pursued their Fourteenth Amendment deliberate indifference and Elder Abuse claims since the beginning of this action, and their Bane Act claims implicate the same conduct that is relevant to the 1983 and Elder Abuse Act claims."), 13 ("The same facts and evidence are implicated: defendants' deliberate indifference to Earl Ward's serious medical needs during a 27-day incarceration that left him dehydrated, malnourished, in rapid cognitive decline and, ultimately, with fatal bone fractures.").

Because the deadline to amend pleadings has passed, plaintiffs must show good cause to amend that deadline. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If that party was not diligent, the inquiry should end." Id.

Because plaintiffs seek to add Bane Act claims based on the same facts underlying each previous complaint they have filed in this action, there is not good cause to modify the pretrial schedule to allow amendment to add Bane Act claims. Plaintiffs have not demonstrated that they were diligent in adding this claim. Plaintiffs' arguments that they were saving costs while pursuing settlement are unavailing with respect to this claim, because alleging it did not require any development of the factual record following the filing of the first complaint. Moreover, plaintiffs have already filed three amended complaints since first filing, each of which was an opportunity to make this this purely-legal addition.

Plaintiffs' argument that amendment should be permitted under Rule 15 crystalizes

their failure to satisfy Rule 16.  Defendants argue that the Bane Act claim is futile because the statute of limitations has passed.  Plaintiffs respond that that the Bane Act claim would relate back to the filing of the original complaint for statute of limitations purposes pursuant to Rule 15(c)(1)(B) because "the proposed Fourth Amended Complaint asserts claims that arose out of the conduct or occurrence in the original pleading.  The same facts and evidence are implicated[.]"  Reply at 13.  That is, plaintiffs argue that the Bane Act claim would not be futile for the precise reason plaintiffs cannot add it under Rule 16's diligence requirement—plaintiffs could have brought it based on facts alleged in the original complaint.  A finding that plaintiffs are able to amend under Rule 15 would not be compatible with a finding that they are able to under Rule 16.

### 5. Whether Plaintiffs May Remove Claims Against Prior Defendants

Defendants do not object to plaintiffs removing claims against defendants who are no longer party to the action.  The court will allow those amendments.

### CONCLUSIONS

For the foregoing reasons, plaintiffs' motion to file a fourth amended complaint is GRANTED IN PART AND DENIED IN PART, as explained in this order.  However, plaintiffs' proposed fourth amended complaint's factual allegations underlying their Monell claims lack the specificity necessary to allege which actors and entities are responsible for which alleged policies and practices.  That deficiency must be corrected before filing.  Plaintiffs may file their fourth amended complaint no later than October 21, 2019.

Plaintiffs will not be permitted further amendment of their complaint in this action following the fourth amended complaint, nor shall the fourth amended complaint assert claims against any Doe defendant.

**IT IS SO ORDERED.**

Dated:  October 4, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge